UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| BRAMMER ENGINEERING INC. | CIVIL ACTION NO. 07-1112 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| EAST WRIGHT MOUNTAIN LTD. PARTNERSHIP, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is East Wright Mountain Limited Partnership ("the Partnership") and East Wright Mountain, L.L.C.'s ("EWM, LLC") Motion to Dismiss For Lack of Personal Jurisdiction. [Doc. No. 13]. Brammer Engineering, Inc. ("Brammer") opposes the motion. For the reasons which follow, the motion is **GRANTED**.

**PERSONAL JURISDICTION**

The Louisiana long-arm statute, which this federal diversity court must apply, extends as far as is permitted by due process. Patin v. Thoroughbred Power Boats Inc., 294 F.3d 640 (5th Cir.2002). The exercise of personal jurisdiction over a defendant comports with due process only if (1) the defendant has purposefully availed himself of the benefits and protections of Louisiana by establishing "minimum contacts" with Louisiana and (2) the exercise of personal jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice. Allred v. Moore & Peterson, 117 F.3d 278, 285 (5th Cir.1997).

Minimum contacts with Louisiana may arise incident to the federal court's "general" or "specific" jurisdiction over the non-resident. General jurisdiction is invoked where the non-resident maintains continuous and systematic contacts with Louisiana. Specific jurisdiction is appropriate only when the nonresident's contacts with Louisiana arise from,

or are directly related to, the cause of action asserted by the plaintiff. Lewis v. Fresne, 252 F.3d 352, 358 (5th Cir. 2001).

On a pretrial motion such as this one where no evidentiary hearing is held, the uncontroverted allegations in the plaintiff's complaint must be taken as true and any conflicts between facts contained in the parties' affidavits must be resolved in the plaintiff's favor. Bullion v. Gillespie, 895 F.2d 213, 217 (5th Cir.1990). Those facts must create for the plaintiff a *prima facie* showing of jurisdiction. Travelers Indemnity Co. v. Calvert Fire Ins. Co., 798 F.2d 826, 831 (5th Cir.1986). If the plaintiff satisfies that minimal standard, he must still prove the jurisdictional facts at trial or through hearing by a preponderance of the evidence before he may obtain relief on the merits against the non-resident. Id.; Felch v. Transportes Lar-Mex, 92 F.3d 320, 326 (5th Cir.1996).

## RELEVANT FACTUAL BACKGROUND

Plaintiff Brammer's action is based upon an alleged breach of an Operating Agreement executed between the Partnership and EnSight Energy, L.L.C. ("EnSight"). [Doc. No. 13-2, Aff. of David Fender]. EnSight is a Delaware limited liability company. [Id. at ¶ 7]. EWM, LLC is one of the General Partners of the Partnership. [Id. at ¶ 2]. EWM, LLC is a citizen of Texas and is a Texas limited liability company whose individual members are all citizens of Texas. [Id. at ¶ 3]. The Partnership is a citizen of Texas, as it is a Texas limited partnership whose partners are all citizens of Texas. [Id. at ¶ 4].

According to the affidavit executed by David Fender, one of the members of EWM, LLC, both the Partnership and the LLC were established to conduct oil and gas activities in East Texas, specifically Rusk and Smith Counties, and all of their activities have been conducted in that region. [Id. at ¶ 6]. Neither EWM, LLC nor the Partnership has ever conducted any business or activities or any sort in Louisiana. [Id. at ¶ 5]. Further, neither

owns any property in Louisiana.  [Id. at ¶ 15].

The Operating Agreement at issue was executed in Texas. [Id. at ¶ 11]. It concerns land intended for oil and gas development in a 702 acre tract of land in Smith County (the "Contract Area").  [Id. at ¶ 8].  The Agreement requires that any disputes arising under it be governed and determined by the law of the state in which the Contract Area is located.  [Id. at ¶ 9].

EnSight subsequently entered a contract operating agreement with Plaintiff Brammer, a Louisiana corporation, naming it as the "Contract Operator" for certain oil and gas development activities to be conducted in Texas pursuant to the Operating Agreement. [Id. at ¶ 12].  Neither the Partnership nor EWM, LLC had any involvement in the selection of Brammer as the Contract Operator.  [Id. at ¶ 14].  Both entities contend that they have never availed themselves of any benefits of the State of Louisiana.

Brammer is a Louisiana limited liability company whose main office is located in Shreveport, Louisiana.  Brammer contends that the Partnership and EWM, LLC (collectively "EWM") had numerous contacts with Louisiana.  Specifically, Brammer contends that:

    (1)    EnSight's only office mentioned in the Operating Agreement was located in Shreveport, Louisiana;

    (2)    the Operating Agreement encompassed obligations that were performed in Louisiana (specifically, Brammer contends that by requesting an audit of well expenditures, the defendants themselves demanded performance in Louisiana);

    (3)    12 of the 14 signatories to the Operating Agreement were located in Shreveport, Louisiana;

    (4)    after Brammer became Contract Operator, EWM agreed to a written request which was mailed from Brammer's Shreveport office (dated February 9, 2005) for approval of a supplemental AFE;

  (5)  EWM executed two different documents in February, 2005 confirming its casing point election and transmitted those documents to Brammer's Shreveport office.

Finally, Brammer argues that EWM was well aware that Brammer prepared daily completion reports that were provided to EWM and knew or should have known that audits requested of Brammer would be performed in its Shreveport office.

## ANALYSIS

The rules regarding a minimum contacts analysis in the context of a contract dispute are, as with all personal jurisdiction issues, not susceptible to a mechanical test. The only thing that can be said with certainty is that an out-of-state party's contract with a person in Louisiana does not automatically establish sufficient minimum contacts for this court to exercise jurisdiction over that party. Burger King Corp. v. Rudzewicz, 105 S.Ct. 2174, 2185 (1985). In a contract setting, the court must employ a "highly realistic" approach that recognizes the contract is just an intermediate step that ties up prior business negotiations and has future consequences that are the real object of the business transaction. "It is these factors – prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing – that must be evaluated in determining whether the defendant purposefully established minimum contacts with the forum." Id.

Many of Brammer's contentions concerning EWM's alleged contacts with Louisiana are similar to arguments made by the plaintiff in Holt Oil & Gas Corp. v. Harvey, 801 F.2d 773 (5th Cir. 1986). In Holt, the plaintiff argued that the defendant had sufficient minimum contacts with Texas based on the following: (1) it entered into a contract with Holt, a Texas corporation; (2) it sent a final revised joint operating agreement from Oklahoma to Texas; (3) it sent three checks from Oklahoma to Texas in partial performance of its contractual

obligations; and (4) it engaged in extensive telephonic and written communication with Holt.

In declining to find jurisdiction over the defendant, the Fifth Circuit stated:

> We conclude that these limited contacts were insufficient to support an exercise of specific jurisdiction. On several occasions this Court has observed that merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction. . . . Although the contractual relationship between Holt and Harvey may have been cemented in Texas, the significance of this fact is diminished by the contract provision specifying that Oklahoma law would govern the agreement. See Hydrokinetics, Inc. v. Alaska Mechanical, Inc., 700 F.2d 1026, 1029 (5th Cir.1983); see also Burger King, 105 S.Ct. at 2187 (discussing relevance of choice of law provision to minimum contacts analysis). Our conclusion is further bolstered by the fact that performance of the contract was centered in Oklahoma rather than Texas. See id; Patterson v. Dietze, Inc., 764 F.2d 1145, 1147 (5th Cir. 1985). Given that the material performance occurred in Oklahoma, the fact that Harvey mailed payments to Texas does not weigh heavily in our determination. . . . Finally, the exchange of communications between Texas and Oklahoma in the course of developing and carrying out the contract was in itself also insufficient to constitute purposeful availment of the benefits and protections of Texas law. These communications to Texas rested on nothing but "the mere fortuity that [Holt] happens to be a resident of the forum." Patterson, 764 F.2d at 1147 (numerous telephone calls from defendant to forum during course of performance insufficient to support specific jurisdiction). See also Stuart, 772 F.2d at 1193; Benjamin v. Western Boat Building Corp., 472 F.2d 723, 729 (5th Cir.), cert. denied, 414 U.S. 830, 94 S.Ct. 60, 38 L.Ed.2d 64 (1973).

Holt Oil & Gas Corp. v. Harvey, 801 F.2d 773, 777 -778 (5th Cir. 1986).

In the instant matter, much like the facts in Holt, performance of the Operating Agreement (the "Contract Area") was centered in Texas. The Agreement provided that any disputes would be resolved according to Texas law. The few pieces of mail back and forth cited by Brammer are far less than the interstate communications in Holt which the Fifth Circuit found to be insufficient to support jurisdiction. The fact that Brammer, who was

not a party to the Agreement and was not retained or selected by EWM, may have prepared incidental reports in Shreveport , Louisiana is not enough to constitute EWM's purposeful availment of the benefits and protections of Louisiana law. Accordingly, the Court finds that under the circumstances presented, there are insufficient contacts between the EWM defendants and the State of Louisiana to establish personal jurisdiction.

## CONCLUSION

For the foregoing reasons:

**IT IS ORDERED** that the Motion to Dismiss for Lack of Jurisdiction Over the Person [Doc. No. 13] is **GRANTED**, and the complaint is **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction over any named defendant.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 15th day of May, 2008.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE